## NASH *&* als. *versus* WHITNEY.

To maintain an action against an officer for a false return special damage sustained thereby must be shown.

If an officer, attaching real estate, files in the office of the register of deeds, a statement of the *ad damnum*, instead of the sum sued for, it is not a compliance with R. S., c. 114, § 32, and no *lien* is thereby created.

In his statement also must appear the *year* in which the term of the Court is holden, to which the writ is returnable.

ON FACTS AGREED.

This was an action on the case against an officer for a false return on a levy upon execution.

It appeared that the plaintiffs, in April, 1850, sued out a writ of attachment against one Bartlett and attached his real estate; that in May, 1851, they obtained judgment and execution against him; that they levied upon said real estate in proper form, and that the real estate was just enough to satisfy the levy; that in this writ there was but one count for $300, and the *ad damnum* was laid at $500; that the return filed by the officer in the registry of deeds states the sum sued for as $500, and that the term of the Court to which the writ is returnable is not stated; the term being " the first Tuesday of May next," with no date given.

It further appeared, that in March, 1850, one Norcross sued out a writ of attachment against the same Bartlett, and thereon attached all the real estate of said Bartlett in that county; that the said attachment, last named, was made prior to the attachment of Nash & als.; that in October, 1852, said Norcross obtained judgment and execution against said Bartlett; that thereafterwards he levied upon the real estate of said Bartlett; said real estate being the same previously levied upon by the plaintiffs in the present case; that the officer in his return upon the execution, in relation to said levy of said Norcross, alleged, that the appraisers of the real estate, taken upon said execution, were discreet and disinterested men; that Stedman Bartlett, one of these appraisers, was related to Frederick W. Bartlett, the execution debtor, by consanguinity in the sixth degree, according to the rules of the civil law.

On this statement of facts, the Court were to render such judgment as the law would authorize.

*Coburn & Wyman*, for plaintiffs.

1. The title to the Bartlett property vested in plaintiffs by their levy in 1851, subject to be divested by a legal levy by a prior attaching creditor.

2. The plaintiffs were divested of their title by the false return of the defendant's deputy. Stedman Bartlett, one of the appraisers, was not disinterested. R. S., c. 1, § 3; *McKeen* v. *Gammon*, 33 Maine, 187.

If the officer's return had been according to the fact, the second levy would have been void. *Williams* v. *Amory*, 14 Mass. 20; *Lobdel* v. *Sturdevant*, 4 Pick. 243; *Bradley* v. *Barrett*, 2 Cush. 417; *Pierce* v. *Strickland*, 26 Maine, 277; *Howard* v. *Turner*, 6 Maine, 106; *Russ* v. *Gilman*, 16 Maine, 209.

The officer's return is conclusive, as far as regards the validity of the levy. *Rollins* v. *Movers*, 25 Maine, 192; *Whittaker* v. *Sumner*, 7 Pick. 551; *Bamford* v. *Melvin*, 7 Maine, 14; *Whittaker* v. *Sumner*, 9 Pick. 308; *McKeen* v. *Gammon*, 33 Maine, 187; *Bean* v. *Baker*, 17 Mass. 600;

*Lawrence* v. *Pond*, 17 Mass. 432; *Easterbrook* v. *Hapgood*, 10 Mass. 313.

3. The damage sustained by the plaintiffs is the amount of their levy with interest from date. *Fairfield* v. *Baldwin*, 12 Pick. 397; *Whittaker* v. *Sumner*, 9 Pick. 308; *Whittaker* v. *Sumner*, 7 Pick. 551.

*John S. Abbott*, for defendant.

RICE, J. — To maintain an action against an officer for a false return it is necessary to show, not only that the return complained of is untrue, in fact, but also, that the party seeking redress has been damaged thereby.

The plaintiffs attached the real estate of F. W. Bartlett, on the 14th of April, 1850, and within 30 days after the rendition of judgment in that action, by virtue of that attachment, levied their execution on said real estate.

Norcross & als. had also attached the real estate of the same Bartlett, on the 20th of March, 1850; this attachment being anterior to that of the plaintiffs. Norcross did not obtain judgment on his demand until after the plaintiffs had levied their execution against Bartlett. But when Norcross did obtain judgment he levied his execution upon the same land which had been before levied upon by the plaintiffs, and thereby, as the plaintiffs now affirm, by virtue of his prior attachment, acquired a title to the land thus levied upon. In this last levy, the deputy of the defendant returned that the appraisers were discreet and *disinterested* men, whereas the plaintiffs now assert, that one of them was not disinterested, being a second cousin to the execution debtor; and in that respect they contend that the return 'is false. The case finds that the officer had no knowledge of the existing relationship between the appraiser and the debtor, at the time of the levy.

Without determining, at this time, whether there was a sufficient waiver of any objection to the interest of the appraiser, by the parties to that levy, or whether without a waiver, the facts are such, as would render the officer liable

for a false return, we proceed to consider whether the plaintiffs, assuming the return to be false, have suffered damage by that act of the officer.

The original writ of the plaintiffs against Bartlett, contained one count only, for three hundred dollars, on an account annexed. The *ad damnum* in the writ was $500. The officer stated in his return to the register of deeds, that the sum sued for was five hundred dollars, and did not state the term of the Court to which the writ was returnable. Section 32 of c. 114, R. S., provides, that no attachment of real estate, on mesne process, shall be deemed and considered, as creating any lien on such estate, unless the officer making such attachment, within five days thereafter, shall file in the office of the register of deeds in the county or district, in which all or any part of said lands are situated, an attested copy of so much of the return, made by him on the writ, as relates to the attachment, together with the names of the parties, the sums sued for, the date of the writ, and the Court to which it is returnable.

The object of this statute, obviously was to afford information to the public of the condition of the title of such real estate as had been attached on mesne process, and to obviate the evils which had resulted from a system of private attachments.

Before the plaintiffs can claim damages for the loss of property upon which they claim a lien, they must show that they have themselves performed all those acts which the law requires to create and preserve such lien. The burden is therefore on them, when pursuing a statute remedy, to show that they have complied with all the requirements of the statute necessary to make that remedy effectual.

Now the statute requires, that the officer shall within five days after the attachment, return to the register of deeds the "sum sued for" in the writ. This he has failed to do, but instead thereof, returned the *ad damnum* in the writ. The officer was required to state in his return the Court to which his writ was returnable. This he has also failed to

do. The first requirement was necessary, to show the amount of the lien; the second to show whether the lien had been preserved.

Again, it does not appear, that at the time Norcross made his attachment, Bartlett had any title or interest in the estate upon which the execution was levied, nor that there has been any attempt to hold the land under that levy, since it was made.

For these reasons, we think the plaintiffs have failed to show that they have sustained any damage by reason of the Norcross levy, or any act of the officer in relation thereto.

*A nonsuit must be entered.*